IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICIA KAY MILLER, )
)
       Plaintiff, )
)
vs. ) Civil No. 19-cv-065-DGW
)
COMMISSIONER OF SOCIAL )
SECURITY, )
)
       Defendant. )

## MEMORANDUM AND ORDER

**WILKERSON, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for EAJA Fees Pursuant to 28 U.S.C. § 2412. (Doc. 27). Defendant filed a response in opposition at Doc. 30, and plaintiff filed a reply at Doc. 31.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. See, *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

1

In his response to the motion, the Commissioner first argues that the Court should not award fees at all because the government's position was substantially justified.

The EAJA does not define the term "substantially justified," and the Seventh Circuit has recognized that its meaning in this context is not "self-evident." *U.S. v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010). However, in view of the purpose of the Act, substantially justified means something more than "not frivolous;" the government's position "must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." *Id.*, at 381-382.

The government's position is substantially justified where it had a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)(internal citations omitted). The Commissioner bears the burden of demonstrating that his position was substantially justified, and the Court must make a determination based on an assessment of both the government's pre-litigation and litigation conduct, including the decision of the ALJ. *Ibid.* the Commissioner's position may be substantially justified even if it is wrong; "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011).

The evidence in the administrative record and the specifics of the ALJ's decision are discussed in detail in the Memorandum and Order remanding the case, Doc. 25.

Plaintiff argued that the ALJ erred in selectively considering and "cherry-picking" the evidence concerning her degenerative disc disease and pain issues; weighing the opinion of her treating doctor; and assessing the reliability of her subjective allegations. She also argued that new and material evidence submitted to the Appeals Council would have changed the ALJ's decision had he considered it. This Court found merit in the first and third points, rejected the second point, and concluded that the point about the evidence submitted to the Appeals Council was not subject to judicial review.

The Commissioner complains that plaintiff does not offer any argument in her motion to support her assertion that the government's position was not substantially justified. However, it is the Commissioner's burden to demonstrate that his position was substantially justified. *Golembiewski*, 382 F.3d at 724.

The Commissioner characterizes the ALJ's error as "an error of articulation," and argues an error of articulation does not necessitate a finding that the government's position was not substantially justified. Doc. 30, p. 5. The Commissioner cites *Stein v. Sullivan*, 966 F.2d 317, 319-320 (7th Cir. 1992), in support of this argument. However, *Stein* did not establish a *per se* rule that attorney's fees will not be awarded whenever the error was a failure to meet the articulation requirement. See, *Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006). The other cases cited are not helpful to the Commissioner because in this case the ALJ failed to consider all relevant evidence.

This Court concluded that the ALJ erred in ignoring evidence that confirmed plaintiff's testimony that she had been diagnosed with fibromyalgia. Despite this evidence, the ALJ twice stated that plaintiff testified that she had been diagnosed with fibromyalgia, but this was not reflected in the medical records. He also stated that plaintiff's testimony about having carpal tunnel surgery was not supported by "corresponding objective evidence." Plaintiff had identified such evidence well before the hearing, but the ALJ made no attempt to obtain those records. See, Doc. 25, p. 15. This goes well beyond a mere error of articulation.

The Court finds that the Commissioner's position was not substantially justified, and therefore finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

The Commissioner challenges both the hourly rate and the number of hours claimed by plaintiff's counsel.

As to the hourly rate, counsel asks the Court to award him $198.00 per hour for all time expended on the case, including both attorney time and paralegal time.

Counsel provides no support for his assertion that attorney time should be compensated at $198.00 per hour. The $125.00 statutory fee may be increased to reflect a cost-of-living increase, but counsel is required to produce evidence that there has been an increase in the cost-of-living and that the increase "justifies" the rate requested. *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir.

4

2015).  As counsel has produced no such evidence here, the Court will apply the statutory rate of $125.00 per hour.[1]

The more difficult issue is the number of compensable hours.  The billing statement attached to Doc. 27 as Ex. 1 includes time for services rendered both by "secretary" and "attorney."  The majority of the time is attributed to "secretary."  In the reply, counsel describes this employee as a paralegal, and the Court will accept that representation.  However, no matter her title, much of the work that was performed by the paralegal was clerical type work of an administrative nature that "easily could have been performed by a full-time secretary."  Work of that nature is not properly billed to an opponent under a fee-shifting statute, even if it was performed by an attorney.  *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999).  Further, legal work performed by a paralegal should be compensated at the market rate for paralegal services, and not at the rate for attorney's fees.  *Richlin Security Service Company v. Chertoff*, 128 S. Ct. 2007, 2014 (2008); *Sprinkle*, 777 F.3d at 427.  Here again, counsel offers nothing to establish the applicable market rate for paralegal services.  Defendant suggests a rate of $95.00 per hour, which the Court will accept for present purposes.

The billing statement reflects 8.2 hours of work done by the attorney (01/08/2019, dictation of letter and preparation of federal appeal documents, 2.5 hours; 04/08/2019, dictation of plaintiff's brief, 1.5 hours; 04/09/2019, dictation and corrections to brief, 0.7 hours; 04/11/2019, dictation and corrections to brief, 0.4 hours; 04/16/2019, dictation and corrections to brief, 0.4 hours; 08/05/2019,

---

[1] The inflation-adjusted Consumer Price Index for the months in which the services were performed can be used to calculate the hourly fee.  *Sprinkle*, 777 F.3d at 428.  However, counsel presents no documentation of the CPI rates for the relevant months, and it is not the Court's role to gather the data needed to support the motion.

5

dictation of reply, 0.8 hours; 08/06/2019, corrections to reply, 0.4 hours; and 09/23/2019, dictation of letter to plaintiff, 1.5 hours).

Of the 31.6 hours spent by the paralegal, a total of 5.4 can be fairly characterized as the type of legal work traditionally done by an attorney (01/22/2019, preparation of complaint, civil cover sheet, and summons, 1.2 hours; 04/23/2019 completion of revisions and putting together brief listing points and authorities, appendix and copies for appendix, 3.5 hours; and 4/23/2019, drafting of motion for summary judgment, 0.7 hours). Other activities such as, for example, scanning documents, copying documents, logging information into the computer file, filing documents in the paper file, and transcribing the attorney's dictation, are clerical, not legal, work.

The Court finds that plaintiff is entitled to a fee of $1,538,00. This reflects 5.4 hours of attorney time at $125.00 per hour and 8.2 hours of paralegal time at $95.00 per hour.

For the reasons discussed above, plaintiff's Motion for EAJA Fees (**Doc. 27**) is **GRANTED as follows:**

The Court awards attorney's fees and expenses in the amount of $1,538.00 (one thousand five hundred and thirty-eight dollars). Plaintiff does not seek costs. She proceeded in forma pauperis and did not pay a filing fee.

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). However, in accordance with the assignment executed by plaintiff (Doc. 27, Ex. 2), any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATED:   February 19, 2020.**

												**Donald Wilkerson** *(signature)*

												**DONALD G. WILKERSON**
												**U.S. MAGISTRATE JUDGE**