IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA KAY MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.  3:19-cv-00065-GCS |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Reconsider Magistrate's Memorandum and Order on EAJA Fees.  (Doc. 33).  Defendant filed a response in opposition.  (Doc. 36).

Pursuant to the Equal Access to Justice Act, the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified.  *See* 28 U.S.C. §2412(d)(1)(A).  The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index ("CPI") suffices as proof regarding increases in the cost of living, and the Seventh Circuit suggests that courts generally award the CPI inflation-adjusted rate "using the date on which the legal services were performed."  *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015).  This does not, however, allow for automatic fee

enhancements, and claimants are still required to produce "satisfactory evidence that the increase in the cost of living 'justifies' the rate requested." *Id*. This evidence must show that the requested rate is "in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id*.

In her motion for reconsideration, Plaintiff first argues that an increase in the statutory hourly rate of $125.00 per hour to the requested hourly rate of $198.00 per hour is justified. Plaintiff has supplied supporting evidence in the form of affidavits from other attorneys and information from the CPI. However, Plaintiff's supporting materials do not justify the higher hourly rate. The CPI rates relied on by Plaintiff are not calculated by month as required in *Sprinkle*. Likewise, it is unclear as to whether Plaintiff is using the "All Urban Consumers" rate or the "Midwest Region" rate. The affidavits supplied by Plaintiff are further lacking as there is no indication they are from attorneys who practice in the area of social security disability law.

In order to prevail on a Rule 59(e) motion, the movant must "demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). The purpose of a motion under Rule 59(e) is to draw the Court's attention to manifest errors of law or fact, or to present newly discovered evidence, in order to enable the trial court to correct its errors and thereby avoid unnecessary appeals. *See Russell v. Delco Remy Division of General Motors Corporation*, 51 F.3d 746, 749 (7th Cir. 1995); *Moro v. Shell Oil Company*, 91 F.3d 872, 876 (7th Cir. 1996). A Rule 59(e) motion should not be used to rehash previously rejected arguments. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The district court has considerable discretion to grant or deny a Rule 59(e) motion, and such a remedy is one

that should be used sparingly. *See* 11 FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.), Grounds for Amendment or Alteration of Judgment. Plaintiff's motion is simply a restatement of the previously rejected argument she made in her brief, which included inadequate evidence that is not "newly discovered." Therefore, the Court rejects Plaintiff's first argument.

Second, Plaintiff argues that the reduction of the attorney's fees from the requested amount of $7,880.40 to $1,538.00 is an abuse of discretion. Plaintiff believes both the 8.2 hours of attorney work and 5.4 hours of paralegal work should be billed at the attorney rate. Plaintiff argues that all time spent doing legal work, even legal work done by a paralegal, should be compensated at the attorney rate, and that the paralegal time spent on clerical work should be compensated at the paralegal rate. This is incorrect. Paralegal time spent doing legal work is compensated at the paralegal rate, and the paralegal's time spent doing clerical work is not compensated at all.

Plaintiff seems to have misunderstood the case law on this issue. As stated in the previous Memorandum and Order, "[f]urther, legal work performed by a paralegal should be compensated at the market rate for paralegal services, and not at the rate for attorney's fees. *Richlin Security Service Company v. Chertoff*, 128 S. Ct. 2007, 2014 (2008); *Sprinkle*, 777 F.3d at 427." (Doc. 32). Additionally, secretarial work "is not properly billed to an opponent under a fee-shifting statute, even if it was performed by an attorney. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)." (Doc. 32).

With that said, this Court was correct in its initial calculation of 8.2 hours of attorney time at the rate of $125.00 per hour and 5.4 hours of paralegal time at the rate of $95.00 per hour for the reasons stated in Doc. 32. Plaintiff, however, is correct in pointing

out that the 8.2 and 5.4 numbers were transposed at page 6 of Doc. 32.  Nevertheless, the total amount reflected is correct, and that total remains for purposes of this order.

For the reasons discussed above, Plaintiff's Motion to Reconsider Magistrate's Memorandum and Order on EAJA Fees (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 27, 2020.

Digitally signed by Judge Sison
Date: 2020.04.27 10:01:44 -05'00'

GILBERT C. SISON
United States Magistrate Judge